Deaderick, J.,
delivered the opinion of the court.
In April, 1861, defendants in error recovered against plaintiff in error a judgment for $204.50 before a justice of the peace in Hamilton county.
In January, 1870, an execution upon said judgment was issued and came to the hands of the sheriff of said county. The sheriff returned no property to be found, and that he had summoned the First National Bank at Chattanooga as garnishee to appear before the justice who had issued the execution, 20th January, 1870.
The bank, by its cashier, answered that it was indebted to defendant Kaylor in the sum of $227.61, and the justice thereupon rendered judgment against the bank for the amount of plaintiff’s judgment and interest thereon.
The defendant in the execution appealed to the Law Court of Chattanooga at the February Term, *237 1870. A motion was made by plaintiffs below for a judgment, upon the answer of the garnishee, against him, which was overruled, and upon motion of defendant the court directed that “an issue be made up to try whether or not the original judgment in this case has been paid,” which was accordingly done.
At December Term, 1870, the presiding Judge being of opinion that the issue of record, made up at February Term preceding, was an immaterial one, set it aside, upon application of plaintiffs, and rendered judgment against the garnishee upon his answer for the amount of plaintiff’s judgment, and interest and costs, reciting in said jugment the rendition of the original judgment on the 5th of April, 1861, the issuance of execution thereon and summoning of the garnishee, and the judgment upon its answer, and the appeal therefrom by defendant Kaylor.
Was the issue made of record in the Common Law Court an immaterial one?
' From the judgment against the garnishee, the plaintiff, the defendant, or the garnishee himself, may appeal: Code, s. 3492.
The proceeding against the garnishee is not a distinct suit, but is an incidental proceeding in the original cause for the purpose of obtaining satisfaction of a subsisting judgment against the defendant. He is a party, and by the Code, if dissatisfied with the judgment against the garnishee, he may appeal. If he may appeal from a judgment, he may show such judgment to be erroneous, not by showing that the garnishee is not indebted to him, but by showing *238 that the plaintiff has no right to apply such debt to his use. If the original judgment has been paid, then the plaintiff in the execution has no right to a judgment against, and satisfaction out of, the garnishee. And why may not this fact be shown, when all the parties in interest are before the court? What necessity is there for an independent proceeding by cer-tiorari and supersedeas, when the execution, sought to be quashed upon the ground that it has been paid, is already in court?
Where an execution which is alleged to have been paid, has been issued, and has been levied, or is about to be levied, upon the defendant’s property, the certiorari is the proper process to bring it into court for the purpose of having it quashed; and the su-persedeas is used to stay its levy until the question of its satisfaction is determined.
An issue may be submitted to a jury to determine whether the execution has been satisfied in whole or in part.
In Baldwin & Campbell v. Merrill, 8 Hum., 139, a judgment was rendered against defendant, and also against a garnishee, and the defendant in the execution filed his petition in the Circuit Court to have an execution which was levied upon the property of the garnishee, as well as the former execution against himself, superseded and quashed.
It was held in that case that the defendant in the original execution, being the only person injured — for it is immaterial to the garnishee, to whom he pays his acknowledged indebtedness — had the right to apply *239 to have the execution against the garnishee quashed, and that it was proper practice to submit the question to a jury to determine as to whether the execution against the defendant had been paid, and if paid the garnishee must be discharged, notwithstanding he might answer that he was indebted to the execution debtor, for the right of plaintiff to a judgment against the garnishee is dependent upon his having an unsatisfied and subsisting judgment against the defendant.
In this case the execution against defendant is in the record as part of this cause, brought up by the appeal from the justice’s judgment against the garnishee, with the other proceedings against him properly brought up, for without it the sheriff’s summons of the garnishee would have been a nullity.
The appeal, then, has performed the office which is usually accomplished by the certiorari, which issues ordinarily after the issuance and before the return of the execution. It would therefore be a needless ceremony to issue a certiorari to bring into court an execution already there, for this is the sole office of the certiorari in such cases.
It follows that the judgment of the court below, in setting aside the former order of the court directing an issue as to the satisfaction of the execution, was erroneous, and must be reversed, and the cause be remanded to be proceeded in, in conformity with this opinion.